UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER BLAISE, | ) |
|           Plaintiff, | ) No. 21 CV 5791 |
| v. | ) Magistrate Judge Young B. Kim |
| TRANSWORLD SYSTEMS INC., | ) |
|           Defendant. | ) August 1, 2022 |

**MEMORANDUM OPINION and ORDER**

Before the court is Defendant's motion to compel production of Plaintiff's retainer agreement with her attorney ("Agreement"). Defendant served a request on Plaintiff to produce a copy of the Agreement, but she objected to the request. Defendant now moves to compel Plaintiff to produce the Agreement so that it may evaluate the adequacy of Plaintiff's and her attorney's representation of the putative class. For the following reasons, the motion is denied without prejudice:

**Background**

Plaintiff, a practicing attorney in Chicago, is a consumer who allegedly owes money ("Alleged Debt") to a medical provider for dermatology treatment. (R. 3-1, Compl. ¶ 2.) Defendant is a debt collection agency that uses mail and telephone communications to collect defaulted consumer debt owed to others. (Id. ¶ 5.) Plaintiff's medical provider placed the Alleged Debt with Defendant for collection. (Id. ¶ 14.) To collect the Alleged Debt, Defendant provided Plaintiff's personal information, including her name, address, personal email address, debtor status,

and details of the Alleged Debt, to a third-party vendor ("Vendor") for purposes of mailing collection notices. (Id. ¶¶ 16, 26-29.) On March 11, 2021, and on other dates, the Vendor mailed letters to Plaintiff revealing some or all of this information. (Id. ¶¶ 19, 29.)

In September 2021 Plaintiff filed this putative class action on behalf of herself and others alleging that Defendant violated Sections 1692c and 1692f of the Fair Debt Collection Practices Act ("FDCPA") by disclosing personal details to the Vendor, including information about alleged debts that Plaintiff and members of the putative class owed and personal information other than the debt collector's address on the envelope mailed to the consumers. (Id. ¶¶ 52-60; see also R. 11, Jt. Status Rep. at 2.) In its Answer Defendant asserts three affirmative defenses. Specifically, that: (1) any violations of the FDCPA resulted from a "bona fide error"; (2) Plaintiff's claims may be subject to class action bars and/or an arbitration agreement; and (3) one or more of Plaintiff's claims are barred by the statute of limitations, laches, estoppel, and waiver and/or unclean hands. (R. 6, Answer at 16.)

Defendant asked Plaintiff in written discovery to produce: "a copy of your agreement with The Law Office of M. Kris Kasalo, Ltd. concerning the representation provided you in this case." (R. 26, Jt. Status Rep. at 6 (setting forth Def.'s Request for Production ("RFP") No. 15).) Plaintiff refused to do so, objecting on relevance and privilege grounds. (Id.) The parties then met and conferred, after which Plaintiff refused to produce even a version of the Agreement that redacted all

language except for the names of the parties to the Agreement, attorneys' fees and expenses, and incentives for acting as a class representative. (R. 29, Def.'s Mot. at 1-2.) Defendant now moves to compel the production of the Agreement.

## Analysis

Federal Rule of Civil Procedure 37(a) allows a party to move to compel the production of requested discovery materials. The court has "broad discretion in resolving discovery disputes," *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001), and "should independently determine the proper course of discovery based upon the arguments of the parties," *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The burden is on the party seeking discovery to demonstrate that "the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

Defendant asserts that the Agreement may shed light on Plaintiff's capacity to serve as a class representative. In a class action lawsuit, Federal Rule of Civil Procedure 23(a)(4) requires that a class representative "fairly and adequately protect the interests of the class." However, when a party seeks discovery materials to challenge the adequacy of a class representative, a majority of courts hold that

3

pre-certification disclosure of retainer agreements is "rarely appropriate."¹ *Clark v. Berkshire Med. Ctr., Inc.*, No. 17 CV 30186, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019) (collecting cases). Moreover, and consistent with Rule 26(b)(1), while "retainer agreements are not necessarily privileged, disclosure of the retainer agreements is not required" where the movant has "failed to demonstrate how the information is relevant or necessary." *In re Front Loading Washing Mach. Class Action Litig.*, No. 08 CV 51, 2010 WL 3025141, at *4 (D.N.J. July 29, 2010). To be sure, movants must present more than mere speculation of a conflict to prove that the information sought is relevant to a defense against class certification. *See Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 CV 3701, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013); *Piazza v. First Am. Title Ins. Co.*, No. 06 CV 765, 2007 WL 4287469, at *1 (D. Conn. Dec. 5, 2007). For example, courts have denied motions to compel the production of retainer agreements when movants have not offered "evidence indicating such conflicts exist in [the] case." *City of Rockford v. Mallinckrodt ARD, Inc.*, No. 17 CV 50107, 2020 WL 11191817, at *2 (N.D. Ill. Feb. 26, 2020). Accordingly, to succeed on such a motion, a movant must "make[] a preliminary showing of a relevant conflict or a *prima facie* challenge to the class representatives' adequacy to act as a class representative." *In re Riddell Concussion Reduction Litig.*, No. 13 CV 7585, 2016 WL 7325512, at *3 (D.N.J. Jan. 19, 2016); *see also Clark*, 2019 WL 78994, at *4.

---

¹ For example, courts have permitted production of fee arrangements to obtain evidence of a plaintiff's ability to adequately fund the lawsuit. *See Epstein v. Am. Rsrv. Corp.*, Nos. 79 CV 4767, 80 CV 6251, 81 CV 1475, 1985 WL 2598, at *3 (N.D. Ill. Sept. 18, 1985).

4

Relevance alone is not enough to entitle discovery of fee arrangements, however. Movants must also establish necessity by demonstrating that the information sought in a retainer agreement cannot be obtained by alternative, less intrusive discovery means, such as through a deposition. *See In re Front Loading Washing Mach. Class Action Litig.*, 2010 WL 3025141, at *4; *Fort Worth Emps.' Ret. Fund*, 2013 WL 1896934, at *2.

Here, Defendant has failed to make the required preliminary showing of a relevant conflict or challenge to the class representative's adequacy. Rather, Defendant assumes that because Plaintiff and her attorney of record have litigated cases together as co-counsel in the past, there is a "strong likelihood" that the Agreement shows evidence of divergent interests or financial incentives that render them inadequate as class representatives in this case. (R. 29, Def.'s Mot. at 7). But the court is not persuaded that Plaintiff and her attorney serving as co-counsel in other proceedings is sufficient to challenge a class representative's adequacy under Rule 23. For the court to accept this presumption, the court must also presume that Plaintiff and her attorney plan on violating their professional ethical obligations as members of the Illinois and California bar and, with respect to Plaintiff's lawyer, as attorney of record. Furthermore, without providing factual support for the existence of an actual conflict, Defendant has not made a sufficient preliminary showing that the Agreement is relevant to a potential defense against class certification or any other claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Accordingly,

5

Defendant's claim amounts to mere speculation. *See Fort Worth Emps.' Ret. Fund*, 2013 WL 1896934, at *2.

Defendant relies on *Dixon v. Jefferson Capital Systems, LLC*, No. 19 CV 2457, 2020 WL 9607902, at *2-3 (S.D. Ind. Nov. 23, 2020), to suggest that the Agreement is relevant and should be produced. (R. 29, Def.'s Mot. at 2, 7). It is true that the court in *Dixon* ordered production of the fee/retainer agreement because provisions regarding "responsibility for legal fees and expenses and financial incentives for the plaintiff" could "inform the court's analysis about the plaintiff's and his counsel's adequacy of representation." *Dixon*, 2020 WL 9607902, at *2. But *Dixon* runs contrary to the majority rule, appears to be an outlier, and is a nonprecedential decision from outside this district. This court therefore declines to follow *Dixon*.

Moreover, Defendant's argument would fare no better even under *Dixon* because—unlike in that case—this court has no reason to believe that the Agreement would inform its analysis at this time. And regardless, compelling production of the Agreement is improper when less intrusive methods of obtaining this information remain available. For example, Defendant may depose Plaintiff about her relationship with her attorney and any potential incentives offered for serving as a class representative. (See R. 11, Jt. Status Rep. at 6.) Without having pursued such discovery, this motion is premature. For this reason, the court denies the motion without prejudice. Defendant may refile if additional discovery reveals a

6

substantiated cause for seeking the Agreement for purposes of challenging the adequacy of class representation.

## Conclusion

For the foregoing reasons, Defendant's motion to compel is denied without prejudice.

                **ENTER:**

                _____
                **Young B. Kim**
                **United States Magistrate Judge**